## FORD vs. THE STATE.

1. CRIMINAL LAW — COMPLAINT. — In a complaint or indictment for a misdemeanor, a substantial statement of the offense is sufficient.
2. FELONY. — Under the statute (R. S., ch. 141, sec. 14) defining felony, the offense of petit larceny is a misdemeanor only. *Wilson v. The State*, 1 Wis., 184.

(4 Chand., 148.)

ERROR to the Circuit Court for *Winnebago* County.

*Ford* was convicted, before a justice of the peace, of larceny, and appealed to the circuit court, where he was tried and found guilty. He moved in arrest of judgment upon grounds stated in the opinion of the court, but the motion was overruled, and he having been sentenced, brought this writ of error

*Alvah Hand*, for plaintiff in error.
*E. Estabrook*, Attorney General, for the state.

KNOWLTON, J.   The error alleged in this case is, that the circuit court of Winnebago county erred in overruling the motion in arrest of judgment, which was based upon the following and only reason, to wit: That the complaint and warrant, upon which the plaintiff was arrested and tried, did not sufficiently charge the accused with any crime or offense known to the law.

The warrant follows the complaint strictly, which charges " that on the 12th day of June, in the year 1852, in the county of Winnebago, town aforesaid, certain goods and chattels, the property of the said George Montgomery, to wit: a quantity of pine lumber, inch boards and siding, of the value of twelve dollars, were feloniously taken, stolen and carried away from the possession of the said George Montgomery ; that one *Simeon J. Ford*, of the aforesaid county, stole the same, and prays," etc.

It is contended for the plaintiff in error that the quantity of lumber charged to have been stolen does not appear with sufficient certainty in the complaint and warrant, nor the quantity of the several kinds of lumber separately ; and that it does not charge him with feloniously taking and carrying it away, and unless it does so charge, he is not charged with a crime.

It has been held, and I hold such the law to be, that in an indictment for a misdemeanor, a substantial statement of the offense is sufficient. *Bilbro v. The State*, 1 Humph., 534.   A justice of the peace had original jurisdiction in this case, and certainly the circuit courts are the only courts in the state having original jurisdiction to try offenses of a higher grade than a misdemeanor.   The revised statutes have defined what the term " felony," as used in the statute, shall mean (R. S., ch. 141, § 14 ; also ch. 134, § 15) as to petit larceny, and the trial before justices of the peace for offenses like the one at bar. The offense charged was a misdemeanor only, and all the technicalities of an indictment need not be followed in a complaint

before a justice of the peace. The complaint charged that an offense had been committed, and that the plaintiff in error committed it; that certain goods and chattels had been stolen, and that *Simeon J. Ford* stole them. It is true, it does not state that *Ford* stole the lumber, but it states that the lumber had been stolen, and that *Ford* stole it. We are of opinion that the complaint charged the plaintiff in error sufficiently clear to put him on his trial, and is good as to this point. He could not be misled in this, and must have known that he was charged with stealing twelve dollars' worth of pine lumber, consisting of inch boards and siding; and he could plead this suit in bar to another prosecution for the same offense. Had there been two kinds of lumber stolen, to wit, pine and oak, then it would be necessary to define the value of each kind separately; but there was only one kind charged to have been stolen, which the law presumes to be common lumber. The law knows no difference in the quality of lumber of the same kind; if any difference in quality exists, it is merely arbitrary between the vendor and purchaser, according to the demand and scarcity of the kinds. As to any difference between the value of inch boards and siding, or half-inch boards, we can see no reason for any such distinction being made, so as to render it necessary to sever them in an indictment for larceny, for the stealing of both in one raft, load or pile; nor can we see that it would be necessary to charge the number of feet of the stolen lumber in a proceeding before a justice of the peace. It might, perhaps, be otherwise in an indictment for larceny, amounting to felony. We think the complaint good, at least after verdict.

We are of opinion that the circuit court did not err in overruling the motion in arrest of judgment, and that the judgment of the circuit court should be affirmed.

Judgment affirmed.